# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-21-00557-CV

---

**In re Val C. Fisher, Jr.**

---

### ORIGINAL PROCEEDING FROM BELL COUNTY

---

### M E M O R A N D U M   O P I N I O N

Relator has filed a pro se application for writ of habeas corpus seeking release from confinement in the county jail while awaiting trial. *See* Tex. Code Crim. Proc. art. 17.151(1).

This Court does not have original habeas-corpus jurisdiction in criminal cases. *See* Tex. Const. art. V, § 6 (providing that courts of appeals "shall have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law"); Tex. Gov't Code § 22.221(d) (limiting original habeas-corpus jurisdiction of courts of appeals to situations where relator's liberty is restrained by virtue of order, process, or commitment issued by court or judge in civil case); *see also* Tex. Code Crim. Proc. art. 11.05 (vesting "power to issue the writ of habeas corpus" in "[t]he Court of Criminal Appeals, the District Courts, the County Courts, or any Judge of said Courts"). As an intermediate appellate court, our habeas-corpus jurisdiction in criminal matters is appellate only. *See* Tex. Gov't Code § 22.221(d); *see also In re Wilkins*,

No. 03-20-00381-CV, 2020 WL 5608486, at *1 (Tex. App.—Austin Sept. 17, 2020, orig. proceeding).

Accordingly, we dismiss relator's application for writ of habeas corpus for want of jurisdiction. *See* Tex. R. App. P. 52.8(a).

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Kelly and Smith

Filed: February 1, 2022